# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**WHITE EAGLE PROPERTY GROUP, LLC,**

    **Plaintiff,**

v.                                             Case No: 6:19-cv-335-Orl-31DCI

**AMRISC, LLC, LEXINGTON INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, QBE SPECIALITY INSURANCE COMPANY, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON, UNITED SPECIALTY INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, INDIAN HARBOR INSURANCE COMPANY, PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, OLD REPUBLIC UNION INSURANCE COMPANY and INTERNATIONAL INSURANCE COMPANY OF HANOVER,**

    **Defendants.**

## ORDER

This Matter comes before the Court on the Plaintiff's Motion to Remand (Doc. 23), the Defendants' Response in Opposition (Doc. 33), and the Plaintiff's Reply (Doc. 36).

### I. Background

The Plaintiff filed a complaint in state court "seek[ing] coverage pursuant to a commercial property insurance policy ['Policy'] issued by Defendants." Doc. 33 at 2. The Defendants removed

this action, citing subject matter jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") as the basis for removal. *Id.*

## II. Legal Standards

### A. Removal Jurisdiction

Unlike state courts, lower federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). In determining whether federal jurisdiction exists, the burden "falls on the party attempting to invoke the jurisdiction of the federal court." *Lee Mem'l Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*, 248 F. Supp. 3d 1304, 1309 (M.D. Fla. 2017) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Section 1441(b) of Title 28 permits a defendant to remove any civil action "founded on a claim or right arising under the . . . laws of the United States." Generally speaking, such "arising under" jurisdiction is found where the plaintiff's well-pleaded complaint raises issues of federal law. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987).

Removal jurisdiction "raises serious federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Federal courts are thus "directed to construe removal statutes strictly." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). The Eleventh Circuit has instructed that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

### B. The Convention

"An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. Four jurisdictional prerequisites must be met here for purposes of the Convention:

> (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Bautista v. Star Cruises*, 396 F.3d 1289, 1295 n.7 (11th Cir. 2005). Under the Convention, an "agreement in writing" includes "an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams." *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1291 (11th Cir. 2004) (quoting Convention art. II, sec. 2).

### III. Analysis

This case turns on whether the Policy—and its arbitration clause—should be considered a writing between the parties under the Convention. The Plaintiff argues that, because the Policy itself was not signed by the Plaintiff, it is not a writing by the parties for purposes of the Convention. The Defendants argue that the Plaintiff effectively signed the writing by signing the application.

The Defendants are correct that an insurance application and an insurance policy together make up a contract for insurance. Under Florida law, an "insurance application becomes part of the agreement, and along with the policy [ ] forms the contract of insurance." *Roberson v. USAA Cas. Ins. Co.*, No. 5:15-cv-454, 2016 WL 5864431, at *2 (M.D. Fla. Sept. 22, 2016), *report and recommendation adopted*, No. 5:15-cv-454, 2016 WL 5846763 (M.D. Fla. Oct. 6, 2016) (citing *Matthews v. Ranger Insurance Company*, 281 So.2d 345 (1973). The Plaintiff, through its Complaint, confirms the validity and enforceability of the Policy. The insurance contract contains an express agreement to arbitrate, which the Plaintiff cannot disavow simply because it did not sign a document to which it was bound and that it was not required to sign. *Cf. Greenberg v. Park Indem. Ltd.*, No. LA-CV-1210756-JAK-AJWX, 2013 WL 12123695, at *7 (C.D. Cal. Oct. 8, 2013)

(finding that a plaintiff who seeks to enforce a contract should be estopped from repudiating its arbitration clause).

All the cases cited by the Plaintiff involved different facts than those at issue here. At least one circuit court has upheld an insurance policy like this one as an "agreement in writing" under the Convention's definition. *See Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994). In that case, Marine Towing argued that "because it did not sign the insurance contract, the policy cannot provide the agreement in writing." *Id.* The Fifth Circuit reasoned that because the insurance contract contained an arbitral clause, a signature was not necessary like it would have been for an arbitration agreement.[1] *See id.* The Eleventh Circuit has indicated that it does not agree with the Fifth Circuit's interpretation of the Convention's definition of "agreement in writing." *See Outokumpu Stainless USA, LLC v. Converteam SAS*, 902 F.3d 1316, 1325 (11th Cir. 2018). However, *Outokumpu Stainless* dealt with a very different set of facts than the case at hand. It involved an entity that was not a signatory to the contract at issue; here, the Plaintiff is clearly a party to the contract. The Fifth Circuit case is on point, logical, and persuasive. The Eleventh Circuit's contrary reference to that case is dicta and the *Outokumpu Stainless* holding is not inconsistent with the result here. *Cf. Greenberg v. Park Indem. Ltd.*, No. LA-CV-1210756-JAK-AJWX, 2013 WL 12123695, at *5 (C.D. Cal. Oct. 8, 2013) (explaining that, in a case involving an unsigned insurance policy to which the plaintiff was bound, the facts were "sufficient to meet the

---

[1] The Fifth Circuit outlined the Convention definition of "agreement in writing" to include either:

(1) an arbitral clause in a contract or
(2) an arbitration agreement,
    (a) signed by the parties or
    (b) contained in an exchange of letters or telegrams.

standard under both *Sphere Drake*" and a Second Circuit case that interpreted the definition of "agreement in writing" in the same way the Eleventh Circuit did).

**IV.    Conclusion**

For the foregoing reasons, the Motion to Remand (Doc. 23) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 3, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party